**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FRANK STOPPIELLO, JR., as Independent
Administrator of the Estate of FRANK
STOPPIELLO, SR., Deceased,

        Plaintiff,

                v.                Court No. 1:17-cv-5366

UNITED STATES OF AMERICA,

        Defendant.

## COMPLAINT AT LAW

Plaintiff, FRANK STOPPIELLO, JR., as Independent Administrator of the Estate of FRANK STOPPIELLO, SR. ("Plaintiff"), by and through his attorneys, DUNCAN LAW GROUP, LLC, complaining of the Defendant, UNITED STATES OF AMERICA, for his Complaint at Law, states as follows:

## NATURE OF THE ACTION

1.     This is an action for medical negligence in the medical care and treatment provided by employees of the United States Department of Veterans Affairs to Plaintiff's decedent, Frank Stoppiello, Sr., beginning on or about August 30, 2013.

## JURISDICTION AND VENUE

2.     This court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, 1346(b) and 2671 – 2680 as the plaintiff is making a civil claim against defendant, UNITED STATES OF AMERICA, for money damages for personal injuries and wrongful death caused by the negligence acts and/or omissions of employees of defendant, UNITED STATES OF AMERICA.

3.      The United States Department of Veterans Affairs is a federal agency of the United States government within the meaning of 28 U.S.C. §§2671 – 2680.

4.      At all times relevant to this action, Dr. Jeffrey Branch, M.D., Dr. Michelle Van Kuiken, M.D., Dr. Marah Hehemann, M.D. and Dr. Jessica Wetterlin, M.D. were employed by the United States Department of Veterans Affairs.

5.      Pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and §§2671 – 2680, defendant, UNITED STATES OF AMERICA, is liable for personal injury or death caused by the negligent acts and/or omissions of any employee of the UNITED STATES OF AMERICA while acting within the scope of their office and/or employment.

6.      On May 12, 2016, Plaintiff timely submitted a claim to the United States Department of Veterans Affairs, Office of Chief Counsel, pursuant to the Federal Tort Claims Act.

7.      Plaintiff received an acknowledgment letter from the United States Department of Veterans Affairs (misdated April 20, 2016) confirming receipt of the claim and confirming that the six month period for reviewing the claim began on May 12, 2016.  (*See* Acknowledgment of Receipt of Administrative Claim, attached hereto as Exhibit A.)

9.      On January 3, 2017, Plaintiff submitted additional materials in connection with the original May 12, 2016 claim.

10.      In a January 3, 2017 letter, the United States Department of Veterans Affairs stated that the January 3, 2017 additional materials constituted an amended claim and that a new six month period for reviewing the claim began on January 3, 2017. (*See* Acknowledgment of Amendment to Administrative Claim, attached hereto as Exhibit B.)

11.      The six month period for the United States Department of Veterans Affairs to review the claim expired on July 3, 2017.

2

12.     Therefore, pursuant to 28 U.S.C. § 2675, the United States Department of Veterans Affairs's failure to make a final disposition of the claim within six months after it is filed constitutes a final denial of the claim.

13.     Venue is proper in this district pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Illinois and the plaintiff resides within the district.

## FACTUAL ALLEGATIONS

14.     Plaintiff, FRANK STOPPIELLO, JR., has been appointed the Independent Administrator of the Estate of FRANK STOPPIELLO, SR., Deceased, and is authorized by law to bring this action.

15.     On or about August 30, 2013, Plaintiff's decedent, FRANK STOPPIELLO, SR., underwent a cystoscopy with bladder washing and CT urogram at the Edward Hines, Jr. Veterans Administration Hospital (hereinafter "Hines VA Hospital").

16.     The August 30, 2013 cystoscopy with bladder washing was performed by resident physician Dr. Michelle Van Kuiken, M.D. under the supervision of attending physician Dr. Jeffrey Branch, M.D. at Hines VA Hospital.

17.     Dr. Van Kuiken prepared a report, that was reviewed and approved by Dr. Branch, in connection with the August 30, 2013 cystoscopy that noted the presence of diffuse cystitis and squamous metaplasia.

18.     The August 30, 2013 CT urogram, performed at Hines VA Hospital, showed concentric wall thickening of Plaintiff's decedent's, FRANK STOPPIELLO, SR.'s bladder.

19.     Tissue samples from the August 30, 2013 bladder washing were sent for pathological examination (cytopathology).

20.     On or about September 3, 2013, the pathology results from the August 30, 2013 bladder washing cystoscopy became available and showed abnormal atypical squamous cells.

21.     On or about September 9, 2013, resident physician Dr. Marah Hehemann, M.D., under the supervision of attending physician Dr. Jeffrey Branch, M.D., reviewed the bladder washing pathology results and ordered a follow-up urology appointment at Hines VA Hospital in one month.

22.     On or about September 10, 2013, attending physician Dr. Jeffrey Branch, M.D. reviewed the bladder washing pathology results and approved Dr. Hehemann's note.

23.     Plaintiff's decedent, FRANK STOPPIELLO, SR. was scheduled for a follow-up urology appointment on October 7, 2013 at Hines VA Hospital.

24.     At his October 7, 2013 follow-up urology appointment at Hines VA Hospital, Plaintiff's decedent, FRANK STOPPIELLO, SR., was seen by resident physician Dr. Jessica Wetterlin, M.D. under the supervision of attending physician Dr. Jeffrey Branch, M.D.

25.     At the October 7, 2013 follow-up urology appointment at Hines VA Hospital, Dr. Wetterlin informed Plaintiff's decedent, FRANK STOPPIELLO, SR. that his August 30, 2013 CT urogram results were negative and his August 30, 2013 cystoscopy with bladder washing results were unremarkable.

26.     On or about May 15, 2014, Plaintiff's decedent, FRANK STOPPIELLO, SR., was admitted to Hines VA Hospital for a planned elective surgery consisting of a cystoscopy, transurethral resection of his prostate and sphincterotomy.

27.     During the above-mentioned May 15, 2014 elective surgery a biopsy was performed which revealed squamous cell carcinoma (SCC) bladder metastatic cancer.

28.     Plaintiff's decedent, FRANK STOPPIELLO, SR., died on October 20, 2014 from metastatic bladder cancer.

## COUNT I

## UNITED STATES OF AMERICA – Medical Negligence/Illinois Wrongful Death Act

29.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 28 as if fully set forth herein.

30.     At all times referenced herein, it was the duty of defendant, UNITED STATES OF AMERICA, by and through its employees Dr. Jeffrey Branch, M.D., Dr. Michelle Van Kuiken, M.D., Dr. Marah Hehemann, M.D. and Dr. Jessica Wetterlin, M.D., to exercise ordinary care in providing medical care and treatment to plaintiff's decedent, FRANK STOPPIELLO, SR.

31.     At all times referenced herein, defendant, UNITED STATES OF AMERICA, by and through its employees, Dr. Jeffrey Branch, M.D., Dr. Michelle Van Kuiken, M.D., Dr. Marah Hehemann, M.D. and Dr. Jessica Wetterlin, M.D., breached its duty to exercise ordinary care by one or more of the following negligent acts or omissions:

        a.      Dr. Jeffrey Branch, M.D. and Dr. Michelle Van Kuiken, M.D. failed to immediately order and/or perform a bladder biopsy on plaintiff's decedent, FRANK STOPPIELLO, SR., in response to findings from his August 30, 2013 cystoscopy, including but not limited to the presence of diffuse cystitis and squamous metaplasia; or,

        b.      Dr. Jeffrey Branch, M.D., Dr. Michelle Van Kuiken, M.D. and Dr. Marah Hehemann, M.D. failed to order and/or perform a bladder biopsy on plaintiff's decedent, FRANK STOPPIELLO, SR., in response to the pathology results from the bladder washing performed in conjunction with the cystoscopy on August 30, 2013, including but not limited to the presence of abnormal atypical squamous cells; or,

        c.      Dr. Jeffrey Branch, M.D. and Dr. Jessica Wetterlin, M.D. failed to order and/or perform a bladder biopsy on plaintiff's decedent, FRANK STOPPIELLO, SR., in response to the pathology results from the bladder washing performed in conjunction with the cystoscopy on August 30, 2013,

including but not limited to the presence of abnormal atypical squamous cells and his CT urogram results.

32.     As a direct and proximate result of one or more of the defendant, UNITED STATES OF AMERICA'S negligent acts and/or omissions, by and through its employees, Dr. Jeffrey Branch, M.D., Dr. Michelle Van Kuiken, M.D., Dr. Marah Hehemann, M.D. and Dr. Jessica Wetterlin, M.D., plaintiff's decedent, FRANK STOPPIELLO, SR., sustained injuries of a personal, pecuniary and permanent nature which caused or contributed to cause his death.

33.     Plaintiff, FRANK STOPPIELLO, JR., as Independent Administrator of the Estate of FRANK STOPPIELLO, SR., Deceased, brings this action pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1, *et seq.*

34.     Plaintiff's decedent, FRANK STOPPIELLO, SR., left surviving him various persons who were his next of kin, including, but not limited to, the following:

        Maria Elvia Mayorga de Stoppiello (Surviving Spouse)

        Frank Stoppiello, Jr. (Son)

        Maria Elvia Stoppiello (Daughter)

        Jonathan Stoppiello (Son)

35.     All of Plaintiff's decedent, FRANK STOPPIELLO, SR.'S next-of-kin suffered injuries as a result of Plaintiff's decedent's death including the loss of companionship and loss of society.

36.     Pursuant to the Illinois Code of Civil Procedure, 735 ILCS 5/2-622, the Affidavit of an attorney for the plaintiff is attached hereto as <u>Exhibit C</u>, along with the report of a qualified health processional as <u>Exhibit D</u>.

        WHEREFORE, the plaintiff, FRANK STOPPIELLO, JR., as Independent Administrator of the Estate of FRANK STOPPIELLO, SR., Deceased, prays for judgment against Defendant,

UNITED STATES OF AMERICA, through its employees, Dr. Jeffrey Branch, M.D., Dr. Michelle Van Kuiken, M.D., Dr. Marah Hehemann, M.D. and Dr. Jessica Wetterlin, M.D., in the amount of SEVEN MILLION DOLLARS ($7,000,000.00), as will be just and proper compensation for the injuries suffered, plus costs and any and all other relief that the Court may deem proper under the circumstances.

## COUNT II
## UNITED STATES OF AMERICA – Medical Negligence/Illinois Survival Act

37.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 36 as if fully set forth herein.

38.     At all times referenced herein, it was the duty of defendant, UNITED STATES OF AMERICA, by and through its employees Dr. Jeffrey Branch, M.D., Dr. Michelle Van Kuiken, M.D., Dr. Marah Hehemann, M.D. and Dr. Jessica Wetterlin, M.D., to exercise ordinary care in providing medical care and treatment to plaintiff's decedent, FRANK STOPPIELLO, SR.

39.     At all times referenced herein, defendant, UNITED STATES OF AMERICA, by and through its employees, Dr. Jeffrey Branch, M.D., Dr. Michelle Van Kuiken, M.D., Dr. Marah Hehemann, M.D. and Dr. Jessica Wetterlin, M.D., breached its duty to exercise ordinary care by one or more of the following negligent acts or omissions:

    a.      Dr. Jeffrey Branch, M.D. and Dr. Michelle Van Kuiken, M.D. failed to immediately order and/or perform a bladder biopsy on plaintiff's decedent, FRANK STOPPIELLO, SR., in response to findings from his August 30, 2013 cystoscopy, including but not limited to the presence of diffuse cystitis and squamous metaplasia; or,

    b.      Dr. Jeffrey Branch, M.D., Dr. Michelle Van Kuiken, M.D. and Dr. Marah Hehemann, M.D. failed to order and/or perform a bladder biopsy on plaintiff's decedent, FRANK STOPPIELLO, SR., in response to the pathology results from the bladder washing performed in conjunction with the cystoscopy on August 30, 2013, including but not limited to the presence of abnormal atypical squamous cells; or,

      c.      Dr. Jeffrey Branch, M.D. and Dr. Jessica Wetterlin, M.D. failed to order and/or perform a bladder biopsy on plaintiff's decedent, FRANK STOPPIELLO, SR., in response to the pathology results from the bladder washing performed in conjunction with the cystoscopy on August 30, 2013, including but not limited to the presence of abnormal atypical squamous cells and his CT urogram results.

40.     As a direct and proximate result of one or more of the defendant, UNITED STATES OF AMERICA'S negligent acts and/or omissions, by and through its employees, Dr. Jeffrey Branch, M.D., Dr. Michelle Van Kuiken, M.D., Dr. Marah Hehemann, M.D. and Dr. Jessica Wetterlin, M.D., Plaintiff's decedent, FRANK STOPPIELLO, SR., sustained personal, pecuniary and permanent injuries and medical expenses, and, had Plaintiff's decedent, FRANK STOPPIELLO, SR., survived, he would have been entitled to pursue a cause of action for the same.

41.     Plaintiff, FRANK STOPPIELLO, JR., as Independent Administrator of the Estate of FRANK STOPPIELLO, SR., Deceased, brings this action under what is commonly known as the Illinois Survival Act, 755 ILCS 5/27-6.

42.     Pursuant to the Illinois Code of Civil Procedure, 735 ILCS 5/2-622, the Affidavit of an attorney for the plaintiff is attached hereto as <u>Exhibit C</u>, along with the report of a qualified health processional as <u>Exhibit D</u>.

WHEREFORE, the plaintiff, FRANK STOPPIELLO, JR., as Independent Administrator of the Estate of FRANK STOPPIELLO, SR., Deceased, prays for judgment against Defendant, UNITED STATES OF AMERICA, through its employees, Dr. Jeffrey Branch, M.D., Dr. Michelle Van Kuiken, M.D., Dr. Marah Hehemann, M.D. and Dr. Jessica Wetterlin, M.D., in the amount of FIVE MILLION DOLLARS ($5,000,000.00), as will be just and proper compensation for the injuries suffered, plus costs and any and all other relief that the Court may deem proper under the circumstances.

Respectfully Submitted,
**FRANK STOPPIELLO, JR., as**
**Independent Administrator of the Estate**
**of FRANK STOPPIELLO, SR., Deceased,**

Dated:  July 21, 2017                           By: /s/ Robert R. Duncan
                                                        One of His Attorneys

Robert R. Duncan (Illinois Bar #6277407)
Katherine A. Ross (Illinois Bar #6310043)
**DUNCAN LAW GROUP, LLC**
161 North Clark Street, Suite 2550
Chicago, Illinois 60601
Phone: (312) 202-3283
Fax: (312) 202-3284
Email: rrd@duncanlawgroup.com
           kar@duncanlawgroup.com